UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACK SMITHSON, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>OXFORD MANAGEMENT )<br>SERVICES, INC. )<br>)<br>DEFENDANT. ) | CIVIL ACTION NUMBER:<br>JURY TRIAL DEMANDED<br><br>CV-09-TMP-0609-S |

## PLAINTIFF'S VERIFIED COMPLAINT

This is an action brought by the Plaintiff, Jack Smithson, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1. The Plaintiff, Jack Smithson, is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

2. Defendant, Oxford Management Services, INC., ("OMS") is a New York corporation with a principal place of business located at 135 Maxess Road Melville, New York 11747. This Defendant was, in all respects and at all times relevant herein, doing business in the State of Alabama and

in this District. OMS is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6). OMS regularly attempts to collect debts from Alabama consumers using the telephone.

## FACTUAL ALLEGATIONS

3. In or about 2007, Plaintiff discontinued service with DirecTV and was informed by an agent/employee of DirecTV that he had no outstanding balance.

4. At some point thereafter, the alleged debt was charged off and/or sold to Defendant.

5. The alleged and disputed debt of Plaintiff claimed by Defendant was incurred for personal, family, or household services, and is a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

### *Collection phone calls*

6. In or around March of 2008, Plaintiff's father died and Plaintiff moved in to his mother's house to take care of her.

7. In or around the Summer of 2008, Defendant's agents/employees plaintiff began to call Plaintiff at his mother's residence even though Plaintiff did not provide Defendant with the phone number and Defendant had other means of contacting Plaintiff.

8. At times, the Defendant's agents/employees would call the Plaintiff multiple times a day and on or after 9:00 PM.

9. Defendant's agents/employees would regularly discuss Plaintiff's debt with Plaintiff's mother.

10. During one collection call, Defendant's agents/employees asked Plaintiff's mother for her deceased husband's social security number and other information.

11. Plaintiff's mother become visibly upset while talking to Defendant during this occurrence and during other collection calls.

12. Plaintiff has repeatedly stated to Defendant that he does not owe the alleged debt.

13. In or around January 2009, Plaintiff stated to Defendant's agent/employee that he was not going to pay the alleged debt and asked what would be the consequences of non-payment.

14. In response, Defendant's agent/employee stated that the alleged debt would be turned back over to DirecTV.

15. Defendant continues to call Plaintiff.

16. Plaintiff has repeatedly orally asked for verification of the debt.

17. Plaintiff has repeatedly orally asked Defendant to cease contacting him and his mother.

18. Plaintiff has never received any written communication from Defendant.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

19. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

20. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

21. The Defendant used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of §1692e, §1692e(2), §1692e(10), §1692e(11).

22. The Defendant used prohibited communications in violation of §1692 c(a)(1) and §1692c(B).

23. The Defendant used unfair and/or unconscionable means to attempt to collect a debt in violation of §1692f and §1692f(1).

24. The Defendant communicated with third parties in violation of §1692b(2) and §1692b(3).

25. The Defendant engaged in conduct that the natural consequence of is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of §1692d and §1692d(5).

26. The Defendant violated §1692g by failing to send a written notice to the Plaintiff within five (5) days of the initial communication.

27. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

28. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

29. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

30. The Defendant knew or should have known that said conduct was improper.

31. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

32. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

33. As a result of the Defendant's negligence, the Plaintiffs suffered worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

34. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

35. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

36. The Defendant knew or should have known that the said conduct was improper and illegal.

37. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

38. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

39. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## INVASION OF PRIVACY

40. The Plaintiff adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

41. Congress explicitly recognized a consumer's inherent right to privacy in collection matters when it passed the FDCPA. Congress, in passing the FDCPA stated as part of its findings:

> Abusive Debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

42. The Defendant undertook and/or directed communications to the

Plaintiff and to other persons not responsible for this alleged debt constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

43. Said invasions were intentional, willful and malicious and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees or agents of the Defendant and acted on behalf of the Defendant in invading Plaintiff's privacy.

44. Said communications constitute the wrongful intrusion into his solitude and seclusion.

45. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness and mental anguish.

### *Respondeat Superior Liability*

46. The acts and omissions of the agents/employees of Defendant who communicated with Plaintiff and others were committed within the scope of their employment or agency relationship with their employer or principal, Defendant OMS.

47. The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these employees or agents were authorized to perform by Defendant in the collection of consumer debts such as the consumer debt allegedly owed by Plaintiff.

48. By committing these acts and omissions against the Plaintiff, the agents/employees were motivated to benefit their principal, the Defendant.

49. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees, including but not limited to violations of the

FDCPA, in their attempts to collect this alleged debt from Plaintiff.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k;

E. Compensatory and punitive damages against Defendants on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision, and Respondeat Superior; and,

F. Such other and further relief that this Court deems necessary, just and proper.

/s/ W. Seals
_____
W. Whitney Seals
Attorney for Plaintiff

OF COUNSEL:
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)

_____
John C. Hubbard
Attorney for Plaintiff

OF COUNSEL
Jaffe & Erdberg, P.C.
205 North 20th Street
Suite 817
Birmingham, AL 35203
(205) 323-4500

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA )
COUNTY OF JEFFERSON )

Plaintiff, Jack Smithson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Jack Smithson*
Jack Smithson

Sworn to and subscribed before me, this the _6th_ day of _March_ 2009.

*Bridget Yal*
NOTARY PUBLIC
My commission expires: 5/25/2011